UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARGARET CHRISTINE ARELLANO,<br><br>            Petitioner,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Respondent. | Case No. 2:11-cv-00081-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration is Petitioner Margaret Christine Arellano's ("Petitioner") Petition for Review (Dkt. 1) of the Respondent's denial of social security benefits, filed March 3, 2011. The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, and the administrative record ("AR"). For the reasons that follow, the Court will affirm the decision of the Commissioner.

I.

**Procedural and Factual History**

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on October 26, 2006, alleging disability due to congestive heart failure, obesity, knees, and depression. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.[1]

Administrative Law Judge ("ALJ") Ronald S. Robins held a hearing on December 5, 2008, taking testimony from Petitioner and vocational expert Mark J. Kelman. AR 24-49. ALJ Robins issued a decision finding Petitioner not disabled on August 3, 2009. AR 15-21.

Petitioner filed a timely appeal to the Appeals Council which denied her request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3. Petitioner appealed this final decision to this Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 61 years old. She has an eleventh grade education and her past relevant work includes timekeeper, desk clerk, and auditor.

II.

**Sequential Process**

The Commissioner follows a five-step sequential evaluation for determining

---

[1] Petitioner is currently receiving disability benefits based on a subsequent application.

**MEMORANDUM DECISION AND ORDER - 2**

whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving disability within the meaning of the Social Security Act. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). More specifically, the claimant has the burden of proving disability in the first four steps of the sequential evaluation after which the burden moves to the Commissioner at the fifth step. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Swenson v. Sullivan*, 876 F.3d 683, 687 (9th Cir. 1989)).

At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date of November 13, 2006.

At step two, it must be determined whether claimant suffers from a severe impairment. The ALJ found that Petitioner's morbid obesity, bilateral knee osteoarthritis with pain, hypertension, and history of congestive heart failure are "severe" within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner did not have an impairment or combination of impairments that meets or equals the criteria for the listed impairments. If a claimant's impairments or combination of impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.

At step four, the ALJ found Petitioner was able to perform some but not all of her past relevant work. He found that she was able to perform her past relevant work as a

timekeeper (sedentary, semi-skilled), desk clerk (light, semi-skilled), and auditor (sedentary, semi skilled) "except for limitation to standing/walking for 4-6 hours and sitting for 8 hours in an 8 hour day, inability to stand for a prolonged period, and limitation to occasional stooping, crouching, crawling, climbing, kneeling and balancing." AR 18.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. Here, having found Petitioner not disabled at step four, the ALJ did not proceed to step five.

## III.

### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind

of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *Id.* It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may

question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ carefully considers the subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## IV.

## Discussion

Petitioner raises the single issue that the ALJ failed to consider the effects of obesity with all of her other medical impairments of bilateral knee osteoarthritis with pain, hypertension, and history of congestive heart failure. She requests a remand for proper application of Social Security Ruling 02-1p regarding the evidence of obesity in this case.

**A.     Social Security Ruling 02-1p (2002)**

On October 25, 1999, the Commissioner deleted listing 9.09, Obesity, from the Listing of Impairments in 20 C.F.R., subpart P, appendix 1 ("the listings"). Social Security Ruling 02-1p (2002), 2002 WL 34686281 at *1 is a ruling that provides guidance for evaluations of disability based on obesity since it is no longer a listed impairment under Titles II and XVI of the Social Security Act. *Id*. The SSR emphasizes that obesity is still a "medically determinable impairment," instructs adjudicators "that the combined effects of obesity with other impairments can be greater than the effects of each

of the impairments considered separately," and further instructs adjudicators "to consider the effects of obesity not only under the listings but also when assessing a claim at other steps in the sequential evaluation process, including when assessing an individual's residual functional capacity." *Id.*

The SSR also discusses the numerous ways in which obesity impacts physical and mental health as well as the situations in which obesity will be considered. *Id.* ¶ 2 at *3. It directs that a finding at Step 2 of the sequential process that obesity is a severe impairment should be made when either "alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." *Id.* ¶ 6 at *4.

A determination that an individual has an impairment or combination of impairments that meets or medically equals one of the listed impairments will be made when (1) "he or she has another impairment that, by itself, meets the requirements of a listing;" (2) "there is an impairment that, in combination with obesity, meets the requirements of a listing;" (3) "obesity, by itself, is medically equivalent to a listed impairment" (e.g., when obesity causes inability to ambulate effectively it may substitute for major dysfunction of a joint); and (4) " an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment" (e.g., when "the combination of a pulmonary or cardiovascular impairment and obesity has signs, symptoms, and laboratory findings that are of equal medical significance to one of the

**MEMORANDUM DECISION AND ORDER - 7**

respiratory or cardiovascular listings."). *Id.* ¶ 7 at *5. Significantly, the SSR specifically notes that "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." *Id.*

Finally, the SSR states that obesity may cause limitations on exertional functions; postural functions; the ability to manipulate hands and fingers; the ability to tolerate extreme heat, humidity, or hazards; and may also have an effect on "an individual's ability to perform routine movement and necessary physical activity within the work environment" or "the ability to sustain a function over time." *Id.* ¶ 8 at *6. The SSR notes that "[t]he combined effects of obesity with other impairments *may* be greater than might be expected without obesity." *Id.* (emphasis added). Whenever obesity is found to be an impairment, any functional limitations resulting from the obesity must be considered in the RFC assessment along with any limitations from other identified impairments. *Id.* ¶ 9.

**B.    Hearing**

At the hearing before the ALJ, Petitioner's counsel argued that the evidence supported a finding that both Petitioner's left and right knees met a listing of impairment pursuant to 1.02A. AR 28-30. He did not refer to any other impairments or mention obesity in his opening remarks. The vocational expert then testified that Petitioner could perform past relevant work as an auditor, time keeper, and desk clerk. AR 32-34. He further testified that she could perform those jobs with limitations of standing or walking four to six hours in an eight hour day, no prolonged standing, lifting 20 pounds frequently

and occasionally, moderate posture limitations occasionally, a sit-stand option, and the need to get up occasionally for pain relief.  AR 34.  Petitioner's counsel did not ask any questions of the vocational expert.  AR 35.

When examining Petitioner at the hearing, Petitioner's counsel questioned her about her weight issues, her difficulties losing weight, and her doctor's attempts to find a cause.  AR 46-47.  He asked if her weight was related to her shortness of breath.  She replied that her shortness of breath issues started out with pneumonia which progressed to congestive heart failure, but "I can walk and I feel like I'm out of breath so I don't know if it's my weight."  AR 47.  That was the extent of the questions, testimony, or argument about Petitioner's weight and its possible effect on her other health issues.

C.     ALJ Decision

Despite the lack of focus at the hearing on obesity as a contributing factor to Petitioner's other conditions, the ALJ found that "morbid obesity" was one of several severe impairments.  AR 17.  However, he further found that none of the conditions met a listing either alone or in combination with other impairments.  AR 18.  In making the findings, he considered the "entire record" and "all symptoms."  *Id*.  That record included numerous assessments and medical records that included reference to Petitioner's "obesity" and "morbid obesity," several of which the ALJ cited in his decision: consultative examiner Jennifer King, M.D.'s February 17, 2007 assessment (AR 19, 271), state agency medical consultant David Rand, M. D.'s April 2, 2007 report (AR 19, 282), and state agency medical consultant Erika Wavak, M.D.'s February 20, 2007 report (AR

19, 294). The ALJ also noted that morbid obesity, among other conditions, had been assessed in July and August 2005 and diagnosed, among other conditions, in January 2006. AR 19. Although not specifically referenced by the ALJ, obesity was noted in several chart notes.

Most significantly, the functional assessment portion of Dr. King's consultative report cited and relied upon by the ALJ, was based in part on Petitioner's "morbid obesity." AR 271. Dr. King found:

> The number of hours that the claimant could be expected to stand and/or walk in an eight-hour workday would be limited to about 4-6 hours given the history of congestive heart failure and *morbid obesity*, and subjective knee pain with prolonged standing. *This could be improved with weight loss*, of course, as well as an assistive device for reducing pain for appropriate conditions . . . . There are moderate postural limitations on occasional basis, considering the claimant's *morbidly obese stature*, as well as her congestive heart failure.

AR 271 (emphasis added).

Dr. King also noted that "The claimant's range of motion testing spine and other major joints was full, with what could be expected secondary to her morbid obesity" and that "straight leg raising was within normal limits, considering her obese stature." AR 270.

Dr. Rand considered "morbid obesity" as a secondary diagnosis when performing his RFC assessment. AR 282. He noted Petitioner's height and weight and then commented "[s]low but steady gait without the use of any assistive devices. No balance or coordination problems." AR 282-83. He also noted that "peripheral joints ranges of

motions are normal" and "motor strength is normal." AR 283. He concluded that Petitioner could stand/walk for 6 hours and sit for 4 hours. AR 283.

Dr. Wavak considered "obesity" as one of her primary diagnoses. AR 294. She concluded that Petitioner should be limited to "4 hours stand and walk to prevent exacerbation of symptoms with OA [osteoarthritis] and obesity." AR. 295 (emphasis added). She cited certain postural limitations "to prevent injury and exacerbation of symptoms." AR 296. She concluded, in part, that Petitioner's "gait was steady and without assistive device" and that "ROM [range of motion] normal within limits for obesity." AR 301.

**D.     Discussion**

Petitioner's argument is that the ALJ failed to consider the effects of obesity with all of her other medical impairments. She does not state at which step the ALJ failed to do so. She does not challenge the finding that her impairments or combination of impairments do not meet or equal a listing. She does not indicate whether she believes that obesity in connection with one or more of her other impairments equals a specific listing.

The record is replete with diagnoses of and references to Petitioner's obesity. Many of those records were cited by the ALJ in his decision. He found all of Petitioner's impairments to be severe except for her mental impairment of depressive disorder. AR 17. Then, after considering "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objection medical evidence and other

evidence" and considering "opinion evidence," the ALJ weighed the evidence and found that Petitioner had the RFC to perform light work except for the limitations described above. AR 18-21. He specifically relied on the medical opinion of Dr. King finding it "fully credible based upon supportability with medical signs and laboratory findings, consistency with the record, and area of specialization." AR 20. The ALJ's very reliance on three functional assessments that had noted and considered the effects of obesity establishes that he considered them as well.

Obesity is to be considered in determining whether (1) the individual has a medically determinable impairment; (2) the individual's impairment is severe; (3) the individual's impairment meets or equals the requirements of a listed impairment; and (4) the individual's impairment prevents him or her from doing past relevant work and other work that exists in significant numbers in the national economy. SSR 02-1p ¶ 3.

As directed by the SSR, the ALJ considered Petitioner's obesity when finding that her obesity was a medically determinable impairment as well as a severe impairment thus complying with the first two requirements of the SSR. Ninth Circuit case law reveals that the ALJ adequately met the third and fourth requirements as well.

In *Burch v. Barnhart*, a claimant argued that the ALJ failed to properly consider her obesity in the sequential process, failed to consider the interactive effects of obesity on her other impairments, and failed to consider the combined effect of those impairments. 400 F.3d 676, 681 (9th Cir. 2005).

In *Burch*, when arguing specifically that the ALJ had not considered obesity in

determining whether she met or equaled a listing impairment, the court noted that the SSR provides that the ALJ will not make assumptions about the severity or functional effects of obesity combined with other impairments because it *may or may not* increase the severity. *Id*. (citing SSR 02-01p) (emphasis added). Rather the ALJ is to look to the case record when making the determination. *Id*. The court then found that the claimant failed to meet her initial burden of proving a disability because she did not identify which listing she believed she met or equaled and did not present any evidence to support the diagnosis and finding of a listed impairment as required by 20 C.F.R. § 404.1525(d). *Id*. at 683 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). The court also noted that the ALJ is not required to discuss the combined effects of impairments or compare them to any listing unless presented with evidence to establish equivalence. *Id*. (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)).

      Here, Petitioner's counsel argued that her knee impairment alone – without reference to obesity – met a listing. His attempt to tie Petitioner's difficulty breathing to her obesity through testimony at the hearing failed and he did not identify a listing that he believed Petitioner met or equaled when considering her obesity. Therefore, Petitioner failed to meet her initial burden. The ALJ considered obesity when determining that Petitioner did not meet a listing, but he was not required to discuss the combined effects of her impairments or compare them to any listing. More to the point, as in *Burch*, Petitioner here "did not present any testimony or other evidence at her hearing that her obesity impaired her ability to work."

**MEMORANDUM DECISION AND ORDER - 13**

Finally, the ALJ adequately considered Petitioner's obesity when determining whether her impairments prevent her from doing past relevant work. SSR 02-1p ¶ 3; SSR 96-8p. Like the ALJ in *Burch*, the ALJ here cited medical records noting Petitioner's obesity and relied on functional assessments that included references to obesity and the impact on her knee and congestive heart failure impairments. After weighing the evidence, he essentially adopted Dr. King's functional assessment limitations and found that Petitioner had the RFC to perform her past sedentary and light work with limitations but not the RFC to perform her past medium work. He adequately considered obesity in that determination. *See Burch*, 400 F.3d at 684 (finding ALJ acknowledged that physicians' notes indicated weight gain and that she was "somewhat obese," recognized that the obesity likely contributed to her back issues, and found an RFC to perform a less than full range of light work with certain limitations). Furthermore, as in *Burch*, there is no evidence of any functional limitations resulting from her obesity that the ALJ failed to consider. *Id*.

## V.

## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.

DATED: July 18, 2012

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**